# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2892

_____

Ronald Perras

*Plaintiff - Appellant*

v.

H&R Block; HRB Tax Group, Inc.; HRB Technology, LLC

*Defendants - Appellees*

------------------------------

Missouri Attorney General's Office

*Amicus on Behalf of Appellant*

Chamber of Commerce of the United States; Product Liability Advisory Council, Inc.

*Amici on Behalf of Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 14, 2015
Filed: June 18, 2015

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

In this interlocutory appeal, Ronald Perras contests the denial of his motion to certify a class action under Federal Rule of Civil Procedure 23.[1] Though we follow a different analysis than the district court,[2] we conclude that the court correctly denied the motion to certify. Thus, we affirm the judgment.

## I. Background

In 2011, the Internal Revenue Service began regulating tax preparers who are neither attorneys nor Certified Public Accountants. Among other qualifications, the new regulations required tax preparers to pass a certification exam and obtain a preparer identification number at their cost. Defendants H&R Block, Inc.; HRB Tax Group, Inc.; and HRB Technology, LLC (collectively "H&R"), are "the world's largest tax services provider," *Our Company*, H&RBLOCK.COM, http://www.hrblock.com/corporate/our-company/index.html (last visited June 15, 2015), and are headquartered in Kansas City, Missouri. H&R decided to pass on the anticipated costs of complying with the new certification requirements to its customers by charging a "Tax Preparer Compliance Fee." H&R explained to customers at its tax offices and on its website that the fee would cover only the costs to comply with the new federal tax laws. In 2011, the fee was $2; in 2012, the fee was $4.[3]

---

[1]We have jurisdiction under 28 U.S.C. § 1292(e) and Fed. R. Civ. P. 23(f).

[2]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

[3]The fee was not implemented in later years because a federal injunction halted implementation of the new requirements. See Loving v. I.R.S., 917 F. Supp. 2d 67 (D.D.C. 2013).

In 2012 Ronald Perras, a California resident, sued H&R in a Missouri federal court on behalf of himself and a putative class of others similarly situated. Perras had paid for tax-return services from H&R in 2011 and 2012. He alleged that the amount collected from the compliance fee exceeds H&R's actual costs of complying with the new regulations. Perras sued under the Missouri Merchandising Practices Act ("the MMPA") claiming that the compliance fee was deceptive and actually a profit-generating scheme. Perras sought to define the class to include persons in all states except Missouri who purchased tax-return-preparation services from H&R in 2011 and/or 2012 and paid the compliance fee.[4] The district court compelled arbitration of the 2011 claims.

In a later order, the district court addressed Perras's motion for class certification. The court agreed that the proposed class met the requirements under Federal Rule of Civil Procedure 23(a) of "numerosity, commonality, typicality, and fair and adequate representation." But Perras also had to satisfy a subsection of Rule 23(b). Perras contended that he met Rule 23(b)(3), which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members." The court rejected Perras's argument and concluded that Perras failed to meet the second part of Rule 23, which requires that the class action be the "superior" method of adjudicating the controversy.[5] Accordingly, the district court denied the motion to certify the class. We granted Perras's request to file an interlocutory appeal.

---

[4]A Missouri resident separately filed an action against H&R on behalf of herself and similarly situated Missouri residents.

[5]Perras also argued that the purported class action met Rule 23(b)(2) or 23(c)(4). The district court rejected those assertions. Perras does not address either of these rules on appeal, so we will not discuss them further. See Neb. State Legislative Bd., United Transp. Union v. Slater, 245 F.3d 656, 658 n.3 (8th Cir. 2001).

-3-

## II. Discussion

On appeal, Perras and his *amicus*, the Missouri Attorney General, argue that the district court improperly denied his motion to certify the putative class. According to Perras, Missouri has sufficient contacts with each class member's claim based on, among other things, H&R's presence there. In Missouri, Perras alleges, "the decisions and implementation of the compliance fee and ratification of those choices occurred." The Missouri Attorney General adds that the state of Missouri "has a compelling interest in policing the conduct of its domestic corporations." That interest, the argument goes, justifies certifying the class and giving the foreign class members a legal avenue for bringing their purportedly common claims against these Missouri defendants.

We review a district court's denial of class certification for abuse of discretion. Avritt v. Reliastar Life Ins. Co., 615 F.3d 1023, 1029 (8th Cir. 2010). Our review of the court's rulings of law is de novo. In re St. Jude Med., Inc., 425 F.3d 1116, 1119 (8th Cir. 2005). For Perras to qualify for class certification under Rule 23, he first had to meet all the requirements of Rule 23(a); the district court concluded Perras had met those requirements, and H&R does not challenge that ruling on appeal.

Perras also had to meet one of the three subsections of Rule 23(b). See Fed. R. Civ. P. 23(a), (b); In re St. Jude, 425 F.3d at 1119. Perras's appeal focuses on Rule 23(b)(3). That rule has two parts: the "predominance" requirement and the "superiority" requirement. To meet the predominance requirement, Perras had to show that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This requirement is evidentiary: If the class members can make a prima facie showing of their claims with the same evidence, then the question of law is common. See Avritt, 615 F.3d at 1029. If, on the other hand, the evidence will vary from member to member, then the question is an individual one. Id. The superiority requirement

involves showing "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The district court concluded that Perras failed to meet the predominance requirement because each potential class member's claim would be governed not by the laws of Missouri but by the laws of the class member's home state, where the fee was paid and where the class member would expect to file a claim. The court reached that conclusion after analyzing the claims under the Due Process and Full Faith and Credit Clauses of the U.S. Constitution. Though we agree with the court's outcome, we believe it is better to heed the "'longstanding principle of judicial restraint'" counseling against unnecessarily deciding constitutional issues. Camreta v. Greene, 131 S. Ct. 2020, 2031 (2011) (quoting Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988)). Instead, we will address this question based on the scope of the state law involved here, the MMPA, though the district court expressly declined to decide that issue. See Rosemann v. Sigillito, --- F.3d ----, 2015 WL 1963634, at *3 (8th Cir. May 4, 2015) (noting that this court "may affirm the judgment on any basis supported by the record").

The MMPA makes unlawful "any deception, fraud, false pretense, false promise, misrepresentation, [or] unfair practice . . . in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri." Mo. Stat. § 407.020.1. The law allows a private civil action to be filed by "[a]ny person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property . . . as a result of the use or employment by another person of a method, act or practice declared unlawful" by the MMPA. Mo. Stat. § 407.025.1. That civil suit may be brought "in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place." Id. The MMPA also expressly allows for a class-action suit, under which the plaintiffs may recover damages, an injunction, or other equitable relief. Id. § 407.025.2. Section 407.025.3

-5-

discusses the methods and requirements for certifying a class action, which mirror those listed in Fed. R. Civ. P. 23.

To decide whether Perras may bring the class-action claims in this case under the MMPA, and thus whether common questions of law predominate over individual questions, we must determine if the tax-return services performed and paid for outside of Missouri nonetheless constitute trade or commerce "in or from the state of Missouri." Mo. Stat. § 407.020. For the answer to that question of state law, we look to the decisions of the state supreme court. See Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). If the Supreme Court of Missouri has not decided the issue, we look to analogous state-court decisions and precedent to predict how that Court would decide the issue. Id.

The Supreme Court of Missouri has described the MMPA's language regarding unlawful merchandising as "unrestricted, all-encompassing and exceedingly broad." Ports Petroleum Co. of Ohio v. Nixon, 37 S.W.3d 237, 240 (Mo. banc 2001). That court, however, has not decided whether the language is broad enough to cover transactions taking place outside of Missouri. The Missouri Court of Appeals has concluded that the MMPA may reach consumers in states other than Missouri who succumb to fraudulent advertising or deceptive practices. State ex rel. Nixon v. Estes, 108 S.W.3d 795, 801 (Mo. Ct. App. 2003). In Estes, the fraudulent business misleadingly advertised vending machines and fraudulently promised tens of thousands of dollars in profit. Id. at 796–97. But that business had numerous ties to Missouri: It was in Missouri that the defendant had operated his fraudulent business, received signed sales agreements and wire transfers from the customers, held the ill-gotten gains in Missouri bank accounts, and maintained company offices from which he communicated with customers. Id. at 801. Those facts, the court ruled, showed that Estes had advertised and sold the fraudulent machines "in trade or commerce . . . in or from the state of Missouri." Id. at 800–01 (quoting Mo. Stat.

§ 407.020.1). Thus, the claims of those out-of-state plaintiffs could be brought under the MMPA. Id. at 801.

In our case, there are no ties between the allegedly fraudulent transactions and Missouri. Though true, as the district court noted, H&R's headquarters are located in Missouri; and there, it designed and implemented the compliance fee. But every part of the transactions—the activity for which the class action seeks relief—occurred in each class member's home state. In those states, each class member contacted and communicated with a local H&R representative at a local H&R office, contracted for tax-return services, and paid the allegedly deceptive compliance fee. And it was in each class member's state that H&R had displayed the purportedly fraudulent "materials" explaining the compliance fee. The evidence each class member would proffer to support her claim, therefore, would be specific to her experience in her state at her local H&R office. There is no other connection between the claims in the class action and Missouri; the acts of commerce that Perras grieves did not occur in, or originate from, the State of Missouri. See Mo. Stat. § 407.020.1.

We do not think this conclusion is inconsistent with the Supreme Court of Missouri's generous description of the MMPA. See Ports Petroleum Co., 37 S.W.3d at 240. Though the statute may cover "every practice imaginable and every unfairness to whatever degree," id., that practice still must involve trade or commerce "in or from the state of Missouri." Estes, 108 S.W.3d at 801; see Mo. Stat. § 407.020.1. This lawsuit does not challenge the mere fact of creating the compliance fee—the only action that actually occurred in Missouri. Perras would have no standing to bring a claim for relief against H&R solely for creating the fee. See Raines v. Byrd, 521 U.S. 811, 819–20 (1997) (noting that, to meet standing requirements of Article III, plaintiff must allege a personal injury redressable by relief requested). Instead, Perras seeks relief for H&R's charging of the fee to consumers, transactions that took place outside of Missouri between representatives of H&R located outside of Missouri and consumers who reside outside of Missouri.

Accordingly, we believe the Supreme Court of Missouri would conclude that the MMPA does not cover the out-of-state transactions in this case. The law applicable to each class member would be the consumer-protection statute of that member's state. Thus, questions of law common to the class members do not predominate over any individual questions of law. See Fed. R. Civ. P. 23(b)(3). The district court did not abuse its discretion in concluding that the class action does not meet the predominance requirement. With that conclusion, we need not decide whether the class action would meet the superiority requirement in Rule 23(b)(3). See Avritt, 615 F.3d at 1035 n.6.[6]

### III. Conclusion

For the reasons discussed above, we conclude that the district court did not abuse its discretion by denying Perras's motion for class certification under Fed. R. Civ. P. 23(b)(3). The judgment of the court is, therefore, affirmed.

———————————————————

———————————————

[6]We acknowledge Missouri's interest in policing the corporations located within its borders, and the broad scope of the MMPA corroborates that interest. But, as the U.S. Chamber of Commerce notes in its *amicus* brief, "other states *also* have an interest in protecting their local consumers in transactions with foreign corporations." Given that H&R's challenged conduct occurred in each class member's home state, and the MMPA does not cover those out-of-state transactions, the claims of each member belong in a lawsuit brought under those local consumer-protection laws.